UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE ESTATE OF YARON UNGAR, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 05-mc-180 (GK) |
| | : | |
| THE PALESTINIAN AUTHORITY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

Plaintiffs, who are Judgment Creditors of the Defendants, have filed a Motion for an order to turn over the funds of the Defendants which have been deposited into the Court's registry by Wachovia Bank pursuant to an Order entered July 13, 2005 ("Turnover Order"). That Motion is opposed by Defendants. Defendants, in turn, have filed a Motion, which is also opposed, for an Order recognizing the entitlement of the Mission of the Palestinian Liberation Organization ("PLO") to that same deposit of funds made by Wachovia into the Court's registry. In short, the two Motions are mirror images of each other. Upon consideration of all the pleadings, the documents which have been submitted, and the applicable case law, the Court concludes that Plaintiffs' Motion for turnover of the funds shall be **granted**, and Defendants' Motion for an Order Recognizing Its Entitlement to Funds on Deposit in the Court's Registry shall be **denied**.

Even though this case, which originates in the United States District Court for the District of Rhode Island, has a long and tangled history, its present posture is very straightforward. Plaintiffs obtained a judgment in the United States District Court for the District of Rhode Island for $116

million on July 13, 2004; on March 31, 2005, that judgment was affirmed by the First Circuit. Ungar v. Palestinian Authority, 325 F. Supp.2d 15 (D.R.I. 2004), aff'd, 402 F.3d 274 (1st Cir. 2005). Plaintiff thereafter registered that entire judgment in this Court on May 9, 2005 pursuant to 28 U.S.C. § 1963, which provides that Plaintiffs' judgment has "the same effect as a judgment of" this Court. Plaintiffs then obtained an Order turning over to them the funds in two accounts maintained by the PLO Mission at the Wachovia Bank in Washington, D.C. With permission from the Court, Wachovia Bank deposited those funds, then totaling $196,156.05, into the Court's registry.

On April 19, 2005 and May 5, 2005, respectively, the United States District Court in Rhode Island issued a temporary Restraining Order and an Injunction prohibiting Defendants, who are the same Defendants in the instant litigation and the Rhode Island litigation, from selling, transferring, assigning, secreting, "or in any way disposing of or effecting a disposition in, directly or indirectly, any and all assets of The Palestinian Authority and/or The Palestine Liberation Organization however titled . . . located within the jurisdiction of the United States or of any State thereof." See ¶ 1 of the Restraining Order entered April 19, 2006 and ¶ 1 of the injunction entered May 5, 2005 by Senior Judge Ronald R. Lagueux, United States District Court for the District of Rhode Island. Both of those Orders contained provisions in ¶ 2 allowing Defendants "to withdraw normal expenses necessary for the daily operations of their offices in Washington, D.C. and at the United Nations, from existing bank accounts used by Defendants for that purpose . . ." ("office accounts"). Id. On August 3, 2005, Judge Lagueux amended both the Restraining Order and the Injunction, nunc pro tunc, to provide that nothing in those orders "shall limit or restrict Plaintiffs from conducting any collection, attachment, enforcement or turnover proceedings against any funds or deposits in the office accounts, or shield any funds or deposits in the office accounts from such proceedings." Judge

Lagueux also added the following language to both the Restraining Order and the Injunction: "Nothing herein shall enjoin, restrain or otherwise prevent any person or entity from turning over or transferring to any of the Plaintiffs any asset or property in which either Defendant has an interest."

If there was any ambiguity in the Restraining Order or Injunction issued by Judge Lagueux on April 19, 2005 and May 5, 2005, respectively -- and the Court is making no such finding -- such ambiguity is totally resolved by Judge Lagueux's Order of August 3, 2005.  That Order makes it perfectly clear that Plaintiffs are in no way restricted from attempting to collect on the judgment they have properly registered with this Court, that Wachovia Bank (and by extension the registry of this Court in which Wachovia placed the funds in issue) is in no way restricted or prevented from turning over or transferring to Plaintiffs any assets or property in which the Defendants have an interest, and that no funds or deposits in the office accounts may be shielded from enforcement proceedings brought by Plaintiffs.  None of the arguments made by Defendants present a legal -- as opposed to a political or rhetorical -- response to Plaintiffs' position.

Finally, even though Defendants make the legally irrelevant argument that their office in the District of Columbia would be threatened with closure if the funds in the Court registry were turned over to Plaintiffs, they present no facts to support it.  Plaintiffs have indicated that Defendants have cash reserves in different entities in the United States, such as the Palestinian Investment Fund, and that Defendants can fund the operations of their Washington, D.C. office from funds they hold or control abroad.  In their own Motion, Defendants themselves implicitly acknowledge the existence of such funds when they request an order from this Court "authorizing the payment of the normal

-3-

operating expenses of its offices in Washington, D.C. from [the Wachovia] funds and when the funds are exhausted, from funds made available by transfers originating outside the United States."

In short, Defendants have offered no legal basis for denial of Plaintiffs' Motion.[1]

          /s/
          Gladys Kessler
          United States District Judge

May 9, 2006

**Copies via ECF to all counsel of record**

---

[1] In an earlier proceeding, the Rhode Island Federal Court rejected Defendants' argument that the Foreign Missions Act ("FMA"), 22 U.S.C. ¶ 4310, provides protection and immunity to the Defendants' offices. Ungar v. Palestinian Authority, 153 F. Supp.2d 76, 91 (D.R.I. 2001).

-4-